THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00016-MR-DSC

| | |
|---|---|
| TIMOTHY CHARLES ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BUNCOMBE COUNTY, a political ) <br> subdivision; JACK VAN DUNCAN, ) <br> individually and in his official ) <br> capacity as Sheriff of Buncombe ) <br> County; and WESTERN SURETY ) <br> COMPANY, a South Dakota ) <br> corporation, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motions to Dismiss [Docs. 16, 17, 18]; the Magistrate Judge's Memorandum and Recommendation [Doc. 24] regarding the disposition of those motions; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 25].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable David S. Cayer, United States Magistrate Judge,

was designated to consider the Defendants' motions and to submit a recommendation for their disposition.

On June 6, 2017, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the motions to dismiss. [Doc. 24]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed Objections on June 16, 2017. [Doc. 25]. The Defendants filed their Reply to the Plaintiff's Objections on June 27, 2017. [Doc. 26].

As found by the Magistrate Judge, the Plaintiff's Amended Complaint fails to allege specific, plausible facts to establish the Defendants' deliberate indifference to the Plaintiff's medical needs. Indeed, the Amended Complaint lacks specific allegations regarding the basic facts necessary to support his claim. For example, the Amended Complaint alleges that the Plaintiff was in custody "in January of 2014," but that "upon information and belief" he was being held on a civil contempt order entered on December 9, 2013. [Doc. 14 at ¶¶ 6, 7]. From these allegations, it is unclear *when* the Plaintiff entered the Defendant's custody. It is insufficient to raise an inference that he was taken into custody immediately after the contempt

order was entered or at some later time in January 2014. The timing of these events, however, is critical to the question of whether the Plaintiff states a claim of deliberate indifference, as he contends that he advised jail staff "at the time [he] was taken into custody" that he required certain medications and that "[s]hortly after his incarceration" he began to exhibit serious adverse side effects from the lack of proper medication. [Id. at ¶¶ 7, 8, 9]. Did such events occur in early December 2013 after the contempt order was entered, or did they occur shortly before his blood was drawn on January 20, 2014? The Amended Complaint fails to present sufficient facts for the Court to be able to tell. The Amended Complaint also fails to present any facts to even suggest any actual or constructive knowledge on the part of the Defendants so as to warrant the imposition of supervisory liability. At best, the Amended Complaint suggests that certain facts *may* exist to support his cause of action. Such vague allegations, however, require the stacking of inferences upon inferences -- or more accurately conjecture upon conjecture -- and are therefore insufficient to withstand scrutiny under Rule 12(b)(6).

After careful consideration of the Memorandum and Recommendation and the Plaintiff's Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections

and accepts the Magistrate Judge's recommendation that the motions to dismiss should be granted with respect to the Plaintiff's federal claims asserted under 42 U.S.C. § 1983 and that this Court should decline exercising supplemental jurisdiction over the Plaintiff's remaining state law claims.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 25] are **OVERRULED**; the Memorandum and Recommendation [Doc. 24] is **ACCEPTED**; and the Defendants' Motions to Dismiss [Docs. 16, 17, 18] are **GRANTED**. The Plaintiff's claims asserted under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**. In the exercise of its discretion, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims, and such claims are therefore **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Signed: January 8, 2018

Martin Reidinger
United States District Judge